**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AUCTION BLOCK COMPANY and HARBOR LEASING, LLC, | No. 14-72609 |
| Petitioners, | |
| v. | MEMORANDUM[*] |
| FEDERAL MARITIME COMMISSION and UNITED STATES OF AMERICA, | |
| Respondents, | |
| CITY OF HOMER, | |
| Respondent-Intervenor. | |

On Petition for Review of an Order of the
Federal Maritime Commission

Argued and Submitted May 14, 2015
Anchorage, Alaska

Before: CANBY, BYBEE, and WATFORD, Circuit Judges.

The Federal Maritime Commission correctly dismissed petitioners'

complaint for lack of jurisdiction. The parties agree that the Commission had

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

jurisdiction only if the City of Homer qualifies as a "marine terminal operator" under the Shipping Act of 1984, 46 U.S.C. § 40101 *et seq.*[1]  The Act defines "marine terminal operator" as "a person engaged in the United States in the business of providing . . . terminal facilities in connection with a common carrier." *Id.* § 40102(14).  "Common carrier," in turn, is defined as a person transporting passengers or cargo through the use of "a vessel operating on the high seas . . . between a port in the United States and a port in a foreign country."  *Id.* § 40102(6).

The City of Homer provides terminal facilities to common carriers at the Deep Water Dock and the Pioneer Dock.  But petitioners' complaint arises out of a dispute involving the City's Fish Dock.  The Commission determined that the City is not a "marine terminal operator" with respect to the Fish Dock because, while the City provides terminal facilities there, it does not do so "in connection with a common carrier."  *Id.* § 40102(14).

---

[1] Petitioners argue that the Commission dismissed this case for lack of personal jurisdiction, rather than subject matter jurisdiction, and that the City waived the issue below.  We reject that argument.  Whether the Commission has the statutory authority to adjudicate this dispute is plainly a matter of subject matter jurisdiction, and therefore the issue cannot be waived.  *See Transpacific Westbound Rate Agreement v. Fed. Maritime Comm'n*, 951 F.2d 950, 957 (9th Cir. 1991); *New Orleans S.S. Ass'n v. Plaquemines Port, Harbor & Terminal Dist.*, 23 S.R.R. 1363, 1371 (FMC 1986).

We find no error in the Commission's determination. Petitioners have conceded that they are not common carriers, and they have produced no evidence that any other common carriers call at the Fish Dock. The only question, then, is whether the Commission permissibly interpreted the definition of "marine terminal operator" as calling for a facility-specific analysis.

We conclude that the Commission's interpretation is entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). The Shipping Act is silent on the question posed here—whether, in interpreting the definition of "marine terminal operator," the Commission should consider all facilities operated by the defendant or just the facilities at issue in the dispute. The agency reasonably chose the latter interpretation. Premising jurisdiction on all facilities operated by a defendant would potentially create absurd results inconsistent with the purposes of the Shipping Act. Congress intended the Shipping Act to limit abusive behavior by steamship lines given the limited antitrust immunity such lines receive under the Act. The Commission's regulatory authority therefore covers common carriers and those marine terminal operators whose facilities are necessary for common carriers to conduct their business. The Commission reasonably concluded that it makes little sense to bring into its regulatory ambit all facilities operated by an entity merely because a single one of

them is connected to international marine transportation. Adopting a contrary interpretation would compel the Commission to decide cases entirely unrelated to the carriage of cargo by sea—involving, for example, an inland railyard or warehouse owned by the defendant—so long as the defendant provided terminal facilities to common carriers at another location. The facility-specific interpretation adopted by the Commission reasonably limits its jurisdiction to those cases with a connection to international shipping.

Petitioners contend that the Commission committed various evidentiary errors in the course of rendering its decision. Any such errors are harmless, as none of the excluded or included evidence suggests that the Fish Dock services common carriers. We deny petitioners' motion to compel the Commission to file the complete agency record before this court. Any unfiled documents to which petitioners make reference, if indeed any remain unfiled, have no bearing on whether common carriers call at the Fish Dock.

Finally, the Commission did not err in granting the City's motion to strike and motion for sanctions. The Commission's rulings were reasonably premised on petitioners' misconduct in discovery.

**PETITION DENIED.**